UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PETER ROBERT MWAURA NJUGUNA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 16-cv-12075-ADB |
| YOLANDA SMITH, *Superintendent of the* | * | |
| *Suffolk County House of Correction*, | * | |
| | * | |
| Respondent. | * | |
| | * | |

**ORDER GRANTING MOTION TO DISMISS FOR MOOTNESS**

BURROUGHS, D.J.

Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on

October 17, 2016. [ECF No. 1]. At that time, Petitioner, a foreign national from Kenya, was an

immigration detainee in Immigration and Customs Enforcement ("ICE") custody at the Suffolk

County House of Corrections. His petition sought his immediate release from ICE custody on the

basis that his confinement exceeded the presumptively reasonable six-month time period under

Zadvydas v. Davis, 533 U.S. 678, 701 (2001), and therefore violated 8 U.S.C. § 1231(a)(6) and

due process. Now before the court is Respondent's motion to dismiss for mootness. [ECF No. 6.]

Respondent submitted an affidavit in support of the motion from Michael Homsy, an Acting

Assistant Field Office Director at the Burlington, Massachusetts, United States Immigration and

Customs Enforcement office. [ECF No. 7-1]. The affidavit states that Petitioner was released on

October 27, 2016, and is no longer in ICE custody. Id.

"It is black-letter law that, in a federal court, justiciability requires the existence of an

actual case or controversy. U.S. Const. art. III, § 2, cl. 1. Even if an actual case or controversy

exists at the inception of litigation, a case may be rendered moot (and, therefore, subject to

dismissal) if changed circumstances eliminate any possibility of effectual relief." <u>Maine Sch. Admin. Dist. No. 35 v. Mr. R.</u>, 321 F.3d 9, 17 (1st Cir. 2003). "A habeas petition will become moot once the prisoner is released from custody unless the petitioner can show some sufficient collateral consequence of the underlying proceeding." <u>Leitao v. Reno</u>, 311 F.3d 453, 455 (1st Cir. 2002). Here, Petitioner challenges only the length of his detention, and he has since been released. Thus, the case is moot. <u>See</u> <u>Omondiagbe v. McDonald</u>, No. CIV.A. 13-11182-MBB, 2014 WL 1413560, at *1 (D. Mass. Apr. 10, 2014) (where petitioner was released from custody and removed from the United States after filing his petition, petition was moot).

Accordingly, the motion to dismiss for mootness [ECF No. 6] is <u>GRANTED</u>, and the case is dismissed.

**SO ORDERED.**

November 28, 2016                                    /s/ Allison D. Burroughs
                                                     ALLISON D. BURROUGHS
                                                     U.S. DISTRICT JUDGE